VENABLE LLP
Calvin R. Nelson (*pro hac vice*)
CRNelson@venable.com
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
WAHector@Venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:	415.653.3750
Facsimile:	415.653.3755

*Counsel for Plaintiff*
*Volkswagen Group of America, Inc.*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMARTCAR, INC., <br><br> Defendant. | Case No. 4:21-cv-4895-JST <br><br> **UPDATED JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Jon S. Tigar <br> Hearing: August 15, 2023 at 2 p.m. |

Pursuant to the Clerk's Notice Continuing Case Management Conference (Dkt. No. 78), Plaintiff Volkswagen Group of America, Inc. ("VWGoA") and Defendant Smartcar, Inc. ("Smartcar") (collectively, the "parties") submit this Updated Joint Case Management Statement under Fed. R. Civ. P. 26(f), Civil Local Rule ("Rule") 16-9, and the Standing Order for All Judges of the Northern District of California titled "Contents of Joint Case Management Statement."

//

1. **Jurisdiction and Service**

    a. **VWGoA Statement**

    Smartcar has been served. This court has subject matter jurisdiction based on 28 U.S.C. § 1331 (federal question), § 1338 (actions involving trademarks), and § 1367 (supplemental jurisdiction). There are no issues regarding personal jurisdiction or venue.

    b. **Smartcar Statement**

    Smartcar was served with the Complaint on June 29, 2021. The Complaint purports to arise under 15 U.S.C. § 1125(a). The Complaint further alleges that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367. As discussed in Smartcar's pending Motion to Dismiss, Smartcar disputes the Court has subject matter jurisdiction over VWGoA's UCL claim (Count II).

2. **Facts**

    a. **VWGoA Statement**

    Plaintiff VWGoA, a wholly owned subsidiary of Volkswagen AG, is the exclusive importer of Volkswagen and Audi AG vehicles in the United States and retains the right to enforce the Volkswagen and Audi marks in the United States, including the VOLKSWAGEN, AUDI, CAR-NET, MYAUDI, and AUDI CONNECT word marks, and the VOLKSWAGEN and AUDI logos ("Plaintiff's Trademarks"). VWGoA's First Amended Complaint (Dkt. No. 54) ¶¶ 7-8. VWGoA offers its consumers connectivity services including the *Car-Net*, *Audi connect*, and *myAudi* applications ("Services") in connection with their Volkswagen and Audi vehicles. *Id.* ¶ 10. These Services allow consumers to connect to and control their vehicles using their smart devices to enhance vehicle access, security, safety, and provide VWGoA and its customers with important information about vehicle status. *Id.* In developing these Services, VWGoA has engaged third-party partners that it has carefully selected, vetted, and approved to ensure the quality and security of its Services and supporting networks ("Networks"). *Id.* ¶ 11. These partners meet VWGoA's standards for compatibility, functionality, safety, and interoperability. *Id.* This vetting process serves to protect not only VWGoA's customers, but the security and integrity of VWGoA's Networks and customer data. *Id.*

    Defendant Smartcar offers for sale application programming interfaces ("APIs") that allow

mobile applications to communicate with connected vehicles and obtain vehicle information and statistics. *Id.* ¶ 12. Smartcar claims that its APIs are compatible with Volkswagen and Audi vehicles, despite not being vetted or approved by VWGoA and in fact, wholly circumventing VWGoA's selection and approval process. *Id.* ¶ 13. In advertising its APIs, Smartcar uses Plaintiff's Trademarks to create a false impression that VWGoA endorses or sponsors Smartcar's APIs. *Id.* For example, the VOLKSWAGEN and AUDI marks are featured at the top of Smartcar's websites in large, bolded font next to stylized photographs of Volkswagen and Audi vehicles that display the VOLKSWAGEN and AUDI logo as hood ornaments. *Id.* Further, Smartcar makes many references to VWGoA's services, such as Car-Net, My Audi, and Audi Connect, and to various VWGoA vehicle models. *Id.*

In 2016, Smartcar sought a business partnership opportunity with VWGoA. *Id.* ¶ 17. Pursuant to those discussions, Smartcar and VWGoA entered into a non-disclosure agreement ("NDA"), which granted access to VWGoA's Services through a log-in credential that was to be used only for demonstration purposes and evaluating a potential business relationship. *Id.* The parties ultimately terminated discussions and did not pursue a business partnership. *Id.* Nonetheless, Smartcar continued to develop its APIs and in 2019 began marketing its APIs in connection with Volkswagen and Audi vehicles. *Id.* ¶ 18. Upon information or belief, in developing its APIs, Smartcar either misused its demonstration log-in credentials in violation of the NDA or misused other user log-in credentials in violation of the terms of service for the Services. *Id.* ¶ 19. In doing so, Smartcar accessed the VWGoA Networks without authorization to access and copy data associated with the Services. *Id.* Upon information and belief, Smartcar has misused user credentials provided to it in violation of its NDA with VWGoA, has induced users of the Services to violate VWGoA's terms of service by requesting that they share their log-in credentials, and violated VWGoA's terms of service itself by accessing the back end of the Network without authorization. *Id.* ¶¶ 19-24. VWGoA put Smartcar on notice of its violations verbally in August 2019 and in a cease and desist letter in November 2020, thereby revoking any perceived authority to access VWGoA's Services and Networks. *Id.* ¶ 18. Despite repeated notice, Smartcar persisted in its unauthorized conduct. *Id.* ¶ 19.

-3-

Because of Smartcar's actions, VWGoA has been harmed, including as a result of lost revenue and business opportunities with application developers, who now contract with Smartcar instead of VWGoA directly. In effect, VWGoA is deprived of a large segment of the application development market who, because of Smartcar's actions, can provide their services to VWGoA consumers without any formalized agreement with, or approval from, VWGoA. To the extent that Smartcar collects revenue from third parties for providing access to the VWGoA Networks, VWGoA has lost revenue that it would otherwise realize under the existing agreements VWGoA has in place with other application developers.

In addition, VWGoA's Networks are burdened with unmonitored, unauthorized, and unanticipated third-party use, which deprives VWGoA of the ability to monitor and control access to its Services and Networks, vet users of the Services and Network, and maintain the security and attendant value of its Services and Network. *Id.* ¶ 21.  Indeed, the value of VWGoA's Services has been impaired by the decreased ability to vet, monitor and control access and security and VWGoA has spent and will continue to spend considerable time and money as a result. *Id.*  For instance, Smartcar allows third party applications to access VWGoA's network without VWGoA's approval. VWGoA is thus forcefully associated with third parties with which it would not necessarily choose to associate.  Such forced association harms VWGoA's goodwill and reputation in the industry given that VWGoA has spent considerable time and resources towards identifying trusted vendors that adhere to VWGoA overall brand and security standards.

As a result, VWGoA has filed a lawsuit alleging various claims, including (1) false association under the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of the California Unfair Competition Law, Cal. Bus. Prof. Code § 17200, *et seq.*; (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (4) violation of California's Comprehensive Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502; (5) breach of VWGoA's Terms of Service; and (6) breach of the NDA.

### b. Smartcar Statement

Smartcar develops technology that allows a driver to connect his or her cars to apps of his or her choice.  It does this by developing an API that receives information specifically authorized

by its drivers. Drivers expressly authorize Smartcar to facilitate that exchange of the driver's own consumer vehicle data. Moreover, VWGoA entered into a Memorandum of Understanding with Smartcar, which gave permission for drivers to do precisely what VWGoA now claims they cannot. Specifically, it provided that drivers may openly exchange and share their own consumer vehicle data that included things such as static information (VIN, make, model, year), driver-generated data (odometer readings, tire pressure), and diagnostic data (error codes, maintenance history).

VWGoA previously explored a partnership with Smartcar and repeatedly invited and hosted Smartcar to demonstrate its innovative technology on VWGoA and Audi vehicles at VWGoA's various offices. VWGoA's only response was excitement and encouragement. Following a preliminary meeting with both companies, VWGoA expressed a strong interest in Smartcar's technology, and sought to explore how Smartcar could facilitate a new chapter in VWGoA's connected car business. To that end, VWGoA opened conversations with executives at Smartcar, ostensibly under the guise of good-faith efforts to form a joint business venture between the two companies. VWGoA and Smartcar both entered into numerous commercial agreements, including statements of work and mutual NDAs to facilitate open and frank communications about the respective companies' products. Smartcar reasonably relied on VWGoA's representations, and shared the details of its technology, its integration with VWGoA and Audi production vehicles, and its example application for drivers of VW's automobiles.

Under the guise of forming a commercial partnership, VW misled Smartcar into disclosing highly confidential trade secret information. During all of these meetings, VWGoA strongly encouraged Smartcar's technology and never uttered a word of any of alleged wrongdoing asserted in the Complaint.

It appears, however, that VWGoA's intention all throughout was to take Smartcar's product, technology, and business model, and use it for its own without Smartcar. VWGoA used Smartcar's disclosures to develop and later release its own closed connected car system that copied the very same technologies and platform integrations as in Smartcar's connected car service. And, while the discussions about a potential business partnership were ongoing, VWGoA recruited

1  Smartcar's former Head of Business Development to join its in-house division working on
2  connected cars to develop a competing, but closed, platform. This individual worked to develop
3  at VWGoA the same technologies he worked on at Smartcar, later actively worked to undermine
4  Smartcar in the marketplace on VWGoA's behalf, and participated in the product development
5  and commercial deployment efforts of VWGoA's third-party developer platform.

6       VWGoA also unlawfully seeks to control the aftermarket by seizing driver data and
7  attempting to limit its use to VWGoA exclusively. VWGoA's sale of vehicles is inextricably
8  bundled with its sale of the Car-Net and myAudi software. VWGoA seeks to prohibit drivers from
9  using any other application to access static vehicle and driver-generated information on their own
10 vehicles—data which is generated by the drivers themselves—and instead seeks to require that
11 drivers use exclusively VWGoA's software to access that data. Such conduct effectively shuts out
12 other viable competitors such as Smartcar from fairly competing or entering the marketplace.

13     **3.**    **Legal Issues**
14 The parties currently believe that the principal disputed legal issues are:
15     1.
16     2.    Whether Defendant's use of Plaintiff's Trademarks constitutes false association
17 under the Lanham Act and unfair competition under California common law;
18     3.    Whether Defendant's unauthorized access to VWGoA's Network is a violation of
19 the CFAA and/or CDAFA; and
20     4.    Whether Defendant's conduct constitutes a breach of the NDA or VWGoA's Terms
21 of Service.

22     **4.**    **Motions**
23         **a.**    **Pending Motions**
24 None.
25         **b.**    **Anticipated Motions**
26 After conducting discovery, the parties anticipate filing motions for summary judgment.
27     **5.**    **Amendment of Pleadings, Addition of Parties**
28 Pursuant to the Parties' Stipulation (Dkt. No. 81), the deadline for Plaintiff to file an

Amended Complaint is August 16, 2023.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Each party has implemented a litigation hold with respect to materials believed to be relevant to this action.

**7.     Initial Disclosures**

The parties have served initial disclosures on each other concurrently with the initial case management statement.

**8.     Discovery**

The parties held a Rule 26(f) conference on September 3, 2021. The parties have since exchanged written discovery and have made initial productions of documents.

**a.     Protective Order**

The parties submitted a Stipulated Protective Order on December 22, 2021. The Court entered the Stipulated Protective Order on January 13, 2022 (Dkt. No. 40).

**b.     Limits to Discovery Requests and Depositions**

Currently, the parties do not anticipate a need to limit or modify the limits set by the Federal Rules of Civil Procedure.

**c.     Electronically Stored Information (ESI)**

The parties submitted a Stipulated Order Regarding Discovery of Electronically Stored Information to the Court on December 22, 2021. The Court entered the Order on January 13, 2022 (Dkt. No. 41).

**d.     Electronic Service**

The parties agree to accept service by email at the following addresses:

- VWGoA: VWGoA-Smartcar@Venable.com
- Smartcar: DG-Smartcar-Volkswagen@goodwinlaw.com

Service by email will be treated as service by hand delivery.  The parties agree that service by email by 11:59 p.m. Pacific time on a given day will be treated as service by personal delivery that

-7-

day.

The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer immediately following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

### e.     Privilege Logs

The parties agree that privileged communications and documents covered by work product protection that are dated on or after November 2, 2020, need not be included in any privilege log. This exclusion applies only to communications and documents prepared and/or exchanged by or at the direction of counsel in anticipation of litigation or for trial; and to communications and documents exchanged between the parties and/or their counsel (outside counsel or in-house counsel). In addition, nothing herein precludes any party from arguing any alleged waiver of the attorney-client privilege by the other party.

The parties further agree that pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

### f.     Expert Discovery

The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. In accordance with Fed. R. Civ. P. 26(b)(4)(B) and (C), the following are exempt from discovery:

- drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded; and

- communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials which he or she considered (other than documents produced in discovery).

**9.     Class Actions**

This litigation is not a class action.

**10.    Related Cases**

None.

**11.    Relief**

    **a.    VWGoA Statement**

Plaintiff seeks the following relief:

1. That the Court render a final judgment in favor of VWGoA and against Smartcar on all counts of the First Amended Complaint;

2. That Smartcar, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Smartcar, or any of them, be enjoined and restrained preliminarily and permanently from:

    a.  Marketing, displaying, advertising, promoting, making available, selling or offering any goods or services using VWGoA's brand names and trademarks, or confusingly similar names and marks, and any colorable imitations thereof;

    b.  Using any word, term, name or symbol or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of

-9-

Smartcar or its goods and services with VWGoA or its affiliated companies;

   c. Accessing VWGoA's Networks and exploiting data associated with VWGoA's Services, including but not limited to the *Car-Net*, *Audi connect*, and *myAudi* networks and services;

   d. Marketing, displaying, advertising, promoting, making available, selling or offering the complained of APIs or any other APIs that enable Smartcar or third parties the ability to interface with or gain access to VWGoA's Services or Networks;

   e. Continuing to perform in any manner whatsoever any of the acts complained of in its Amended Complaint;

  3. An award of compensatory, consequential, statutory, exemplary and punitive damages to VWGoA, including Smartcar's unlawful gains, in an amount to be determined at trial;

  4. An award trebling VWGoA's damages for the willful and deliberate acts complained of in its Amended Complaint;

  5. An award of interest, costs and attorneys' fees incurred by VWGoA in prosecuting this action; and

  6. An award of any such other remedy, legal or equitable, as this Court deems just and proper.

  **b.** **Smartcar Statement**

Smartcar has moved to dismiss VWGoA's Amended Complaint. Following resolution of that motion, Smartcar may file certain counterclaims against VWGoA, and anticipates seeking damages and/or injunctive relief in connection with those counterclaims. Smartcar seeks reasonable attorneys' fees and costs, to the extent recoverable. The relief that Smartcar seeks, as well as any relevant claims, will be set forth in any applicable counterclaims.

 **12.** **Settlement and ADR**

As required by ADR L.R. 3-5, the Parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties have filed their respective ADR Certification By Parties And Counsel.

Dkt. Nos. 23 & 24.

The parties are engaged in settlement discussions and are currently actively discussing settlement.

### 13. Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The parties agree that currently this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

VWGoA believes that it may be possible to narrow the issues for trial by stipulation or by motion.  VWGoA does not believe that bifurcation is appropriate in this case.  Smartcar believes that it is premature to determine whether bifurcation or narrowing is appropriate.  The pleadings should be settled before any discussion on such a matter is appropriate.

### 16. Expedited Trial Procedure

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

### 17. Scheduling

The Court so-ordered the parties stipulated schedule on May 5, 2023.  Dkt. No. 77.  The agreed schedule is below.  While, the parties do not propose any changes to the schedule at this time, the parties anticipate that it will be necessary to adjust the schedule in the near future, especially given that VWGoA may file an Amended Complaint and Smartcar may choose to file a motion to dismiss.

| Event | Current Deadline |
| --- | --- |
| Close of Fact Discovery | November 8, 2023 |
| Opening Expert Reports | December 13, 2023 |
| Rebuttal Expert Reports | January 10, 2024 |

| Event | Current Deadline |
|---|---|
| Close of Expert Discovery | February 7, 2024 |
| Hearing on Dispositive Motions | April 2, 2024 |
| Pretrial conference statement due | June 5, 2024 |
| Pretrial Conference | June 12, 2024 at 2:00 p.m. |
| Trial | July 8, 2024, at 8:00 a.m. |
| Estimated of trial length (in days) | 5 days |

**18.    Trial**

VWGoA does not demand a jury trial, and believes this case is suitable for disposition in a bench trial.

To the extent that this case moves forward, Smartcar demands a jury trial.

**19.    Disclosure of Non-Party Interested Entities or Persons**

**a.    VWGoA Statement**

VWGoA has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Volkswagen AG and Porsche SE.

Pursuant to Fed. R. Civ. P. 7.1, the undersigned counsel for Plaintiff Volkswagen Group of America, Inc. ("VWGoA") certifies that VWGoA is a wholly-owned subsidiary of Volkswagen AG, and Porsche SE is a publicly-held company that owns more than 10% of Volkswagen AG's stock.

**b.    Smartcar's Statement**

As set forth in Smartcar's Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-15 (Dkt. No. 20), the following entities have a financial interest in the subject matter in controversy or in a party to the proceeding, or have an interest that could be substantially

affected by the outcome of the proceeding:

- Sanketh Katta
- Sahas Katta
- New Enterprise Associates
- Andreessen Horowitz (a16z)

**20.    Professional Conduct**

The parties have confirmed that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

None at this time.

Dated:  August 8, 2023

VENABLE LLP

By:  /s/ William A. Hector
Calvin R. Nelson (*pro hac vice*)
CRNelson@venable.com
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
WAHector@Venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:     415.653.3755

*Counsel for Plaintiff*
*Volkswagen Group of America, Inc.*

| | |
|---|---|
| Dated: August 8, 2023 | GOODWIN PROCTER LLP |
| | By: */s/ Neel Chatterjee* <br> Neel Chatterjee <br> *NChatterjee@goodwinlaw.com* <br> Elizabeth J. Low <br> *ELow@goodwinlaw.com* |
| | Attorneys for Defendant <br> Smartcar, Inc. |

## ATTESTATION PURSUANT TO LOCAL RULE 5-1

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

| | |
|---|---|
| Dated: August 8, 2023 | VENABLE LLP |
| | */s/ William A. Hector* <br> William A. Hector |